## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAIME HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>vs.<br><br>CRSC, LLC. | DOCKET NO. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) AND CLASS ACTION |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### I. SUMMARY

1. Plaintiff Jaime Hernandez brings this lawsuit to recover unpaid overtime wages and other damages from Defendant CRSC, LLC (CRSC) under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Virgin Islands Fair Wage and Hours Act (the "VIFWHA"), 24 V.I.C. § 1 *et seq.*.

2. CRSC employs construction personnel, like Hernandez, to carry out its work.

3. Hernandez, and the other workers like him, were typically worked 12 hour shifts and regularly worked more than 70 hours per week.

4. But CRSC does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, CRSC pays them a project rate and per diem.

6. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant CRSC, LLC is a corporation with its principal corporate office in Covington, St. Tammany Parish, Louisiana. CRSC, LLC does business throughout the United States, including Louisiana, Puerto Rico, and the United States Virgin Islands.

### III.   THE PARTIES

9. Jaime Hernandez worked for CRSC performing construction and installation related work on CRSC construction sites in Colorado and the United States Virgin Islands.

10. For large parts of his employment with CRSC, Hernandez did not receive overtime compensation at one and one half times his regular rate of pay, as defined by the FLSA, despite routinely working over 40 hours in a single workweek.

11. His consent to be a party plaintiff is attached hereto as Exhibit A.

12. Hernandez seeks to represent a nationwide class under the Fair Labor Standards Act collective action provision, 29 U.S.C. § 216(b). The FLSA 216(b) Class is defined as:

> **All workers employed by CRSC, LLC who received a project rate without overtime.** (the "Putative Class Members").

13. Hernandez also brings this action on behalf of himself and on behalf of the Virgin Islands Class:

> **All workers employed by or on behalf of CRSC, LLC who paid a project rate in the Virgin Islands.** (the "USVI Class").

14. CRSC, LLC may be served through its registered agent Joshua Fouquet at 129 Garden Walk Drive, Covington, Louisiana 70433.

## IV.   FACTS

15. CRSC "provides a wide range of construction services to customers in both the government and private sectors" including providing disaster recovery and management services.[1]

16. To offer these services, CRSC employs hundreds of construction workers in the field.

17. Construction workers are an integral part of CRSC's business operations.

18. Being a construction worker is not work requiring specialized academic training as a standard prerequisite.

19. To the extent the Putative Class Members make "decisions," the decisions do not require the exercise of independent discretion and judgment.

20. Instead, CRSC's construction workers apply well-established techniques and procedures.

21. Construction workers are not permitted to deviate from established quality standards.

22. These construction workers are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the field.

23. With these job duties, these construction workers are clearly **non-exempt** under the FLSA.

24. CRSC paid Hernandez and the Putative Class Members a flat sum for each project completed, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

25. Hernandez worked for CRSC from approximately October 2016 until December 2019 as a construction worker.

---

[1] https://www.crscllc.com/disaster-recovery (last visited March 8, 2021)

26. Hernandez would conduct his day to day activities within designated parameters and in accordance with a predetermined construction plan.

27. Hernandez was paid on a project rate basis throughout his employment with CRSC.

28. Hernandez and the Putative Class Members were not paid a salary.

29. CRSC typically scheduled Hernandez to work 12-hour shifts, for 6-7 days a week, for weeks on end.

30. During each year of his employment, Hernandez regularly worked well in excess of 40 hours in a workweek.

31. But CRSC did not pay Hernandez overtime.

32. The work Hernandez performed was an essential part of producing CRSC's core products and/or services.

33. During Hernandez's employment with CRSC, CRSC exercised control over all aspects of Hernandez's job.

34. Very little skill, training, or initiative, in terms of independent business initiative, was required of Hernandez to perform his job duties.

35. Indeed, the daily and weekly activities of Hernandez and the Putative Class Members were routine and largely governed by standardized construction plans, procedures, and checklists created or mandated by CRSC.

36. Virtually every job function performed by Hernandez and the Putative Class Members was pre-determined by CRSC, including the tools to use at a job site, the schedule of work, and related work duties.

37. Hernandez and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

38. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to construction and collaborating with other CRSC employees regarding the construction operations in the field.

39. Hernandez performed routine manual and technical job duties that were largely dictated by CRSC.

40. All of the Putative Class Members perform the similar job duties and are subjected to the similar policies and procedures which dictate the day-to-day activities performed by each person.

41. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

42. The Putative Class Members regularly worked in excess of 40 hours each week.

43. Like Hernandez, the Putative Class Members were generally scheduled for shifts of 10-12 (or more) hours for weeks at a time.

44. CRSC did not pay Hernandez on a salary basis.

45. CRSC did not pay the Putative Class Members on a salary basis.

46. CRSC paid Hernandez on a project rate basis.

47. CRSC paid the Putative Class Members on a project rate basis.

48. CRSC failed to pay Hernandez overtime for hours worked in excess of 40 hours in a single workweek.

49. CRSC failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

50. CRSC knew, or acted with reckless disregard for whether, Hernandez and the Putative Class Members were misclassified as exempt from the FLSA's overtime requirements.

51. CRSC's policy of failing to pay Hernandez and the Putative Class Members overtime violates the FLSA.

52. CRSC's project rate system violates the FLSA because Hernandez and the other project rate workers did not receive any pay for hours worked over 40 hours each week.

53. Because Hernandez and the Putative Class Members were CRSC employees, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

54. Hernandez and the Class Members worked for CRSC as employees over the past three years across the United States.

55. As a result of CRSC's pay policies, Hernandez and the Class Members were denied the overtime pay required by federal law.

56. CRSC keeps accurate records of the hours, or at least days, its construction workers work.

57. It also keeps accurate records of the amount of pay its construction workers receive.

58. Despite knowing the FLSA requirements and that its construction workers regularly worked more than 40 hours in a workweek, CRSC does not pay them overtime.

### V.     FLSA Violations

59. Hernandez incorporates the preceding paragraphs by reference.

60. As set forth herein, CRSC violated the FLSA by failing to pay Hernandez and the Putative Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

61. At all relevant times, CRSC has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

62. CRSC employed Hernandez and each member of the Class.

63. CRSC's pay policy denied Hernandez and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

64. CRSC owes Hernandez and the Putative Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

65. CRSC knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Hernandez and the Putative Class Members is willful.

66. Due to CRSC's FLSA violations, Hernandez and the Putative Class Members are entitled to recover from CRSC for their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

67. The improper pay practices at issue were part of a continuing course of conduct, entitling Hernandez and Putative Class Members to recover for all such violations, regardless of the date they occurred.

## VI. Virgin Islands' Law Violations

68. Plaintiff Hernandez brings this claim under Virgin Islands law as a Rule 23 class action.

69. Virgin Islands law requires employers like CRSC to pay overtime at a rate of time and one half their regular rate of pay for all hours worked (i) on a sixth consecutive day, (ii) over forty in one work week, and/or (iii) over eight hours in a day, in violation of Virgin Island Code Wage and Hour Laws and Regulations, 24 V.I.C. § 20. ("V.I.C. Wage and Hour Claims").

70. CRSC required Plaintiff Hernandez and the Virgin Islands Class to work more than five consecutive days without additional compensation as required by 24 V.I.C. § 20(a).

71. CRSC required Plaintiff Hernandez and the USVI Class to work more than eight hours in a workday without additional compensation as required by 24 V.I.C. § 20(a).

72. CRSC required Plaintiff Hernandez and the USVI Class to work more than 40 hours within a workweek without additional compensation as required by 24 V.I.C. § 20(a).

73. CRSC failed to properly disclose or apprise Plaintiff Hernandez and the USVI Class of their right as employees under the V.I.C.

74. Accordingly, Plaintiff Hernandez and the USVI Class are entitled to overtime wages under Virgin Islands law in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. CLASS AND COLLECTIVE ACTION ALLEGATIONS

75. Hernandez incorporates all previous paragraphs and alleges that the illegal pay practices CRSC imposed on Hernandez were likewise imposed on the Putative Class Members.

76. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and Virgin Islands law.

77. Numerous other individuals who worked with Hernandez indicated they were improperly paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

78. Based on their experiences and tenure with CRSC, Hernandez is aware that CRSC's illegal practices were imposed on the Putative Class Members.

79. The Putative Class Members were all improperly paid a project rate for all hours worked, including those worked in excess of 40 per week.

80. CRSC's failure to pay appropriate wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

81. Hernandez's experiences are therefore typical of the experiences of the Putative Class Members.

82. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

83. Hernandez has no interests contrary to, or in conflict with, the Putative Class Members.

84. Like each member of the Putative Class, Hernandez has an interest in obtaining the unpaid overtime wages owed under federal law.

85. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

86. Absent this action, many members of the Putative Class likely will not obtain redress of their injuries and CRSC will reap the unjust benefits of violating the FLSA and Virgin Islands law.

87. Furthermore, even if some of the members of the Putative Class could afford individual litigation against CRSC, it would be unduly burdensome to the judicial system.

88. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

89. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a) Whether CRSC employed the members of the Putative Class within the meaning of the FLSA or state law;

   b) Whether the members of the Putative Class were improperly misclassified as independent contractors;

   c) Whether CRSC's decision to classify the members of the Putative Class as independent contractors was made in good faith;

   d) Whether CRSC's decision to not pay the correct amount for overtime to the members of the Putative Class was made in good faith;

   e) Whether CRSC's violation of the FLSA was willful; and

   f) Whether CRSC's illegal pay practices were applied uniformly to all members of the Putative Class.

90. Hernandez's claims are typical of the claims of the Putative Class Members. Hernandez and the Putative Class Members sustained damages arising out of CRSC's illegal and uniform employment policy.

91. Hernandez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

92. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### VIII. JURY DEMAND

93. Hernandez demands a trial by jury.

### IX. RELIEF SOUGHT

94. WHEREFORE, Hernandez prays for judgment against CRSC as follows:

   a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing Hernandez and his counsel to represent the interests of the FLSA Class;

   c. For an Order finding CRSC liable to Hernandez and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

   d. For an Order designating the USVI Class as a class action pursuant to Fed. R. Civ. P. 23;

   e. For an Order appointing Hernandez and their counsel as Class Counsel to represent the interests of the both the federal and Virgin Island Classes;

   f. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

   g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Philip Bohrer*
   Philip Bohrer (#14089)
   phil@bohrerbrady.com
   Scott E. Brady (#24976)
   scott@bohrerbrady.com
   **BOHRER BRADY, LLC**
   8712 Jefferson Highway, Suite B
   Baton Rouge, Louisiana 70809
   Telephone: (225) 925-5297
   Facsimile: (225) 231-7000

   Michael A. Josephson
   Texas Bar No. 24014780
   mjosephson@mybackwages.com
   Andrew W. Dunlap
   Texas Bar No. 24078444
   adunlap@mybackwages.com
   **JOSEPHSON DUNLAP**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile

   Richard J. (Rex) Burch
   Texas Bar No. 24001807
   **BRUCKNER BURCH, P.L.L.C.**
   8 Greenway Plaza, Suite 1500
   Houston, Texas 77046
   713-877-8788 – Telephone
   713-877-8065 – Facsimile
   rburch@brucknerburch.com

   **ATTORNEYS IN CHARGE FOR PLAINTIFFS**