# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**JAIME HERNANDEZ ET AL.**                     **CIVIL ACTION**

**VERSUS**                                         **NO: 21-632**

**CRSC, LLC**                                   **SECTION: "H"**

## ORDER AND REASONS

Before the Court is a Joint Motion for Settlement Approval (Doc. 82). Accordingly, the Motion is **GRANTED**, the settlement is **ACCEPTED**, and the case is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiffs are former employees of Defendant CRSC, LLC. They allege that Defendant violated the Fair Labor Standards Act ("FLSA") by paying a project rate and per diem without overtime compensation. In the Joint Motion for Settlement Approval, the parties propose a settlement agreement that provides recovery for the 51 plaintiffs in this case (the "Settlement Agreement"). Because this case arises under the FLSA, this Court must approve of the fairness of the settlement.[1] Specifically, the parties request that the Court issue an order (1) approving the Settlement Agreement as fair,

---

[1] Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982).

adequate, and reasonable, along with attorneys' fees and costs and (2) approving the service award to Jaime Hernandez for bringing this matter.

## LAW AND ANALYSIS

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."[2] To pass muster, a settlement agreement must be both (1) the product of a bona fide dispute and (2) fair and reasonable.[3] This Court will analyze the fairness of the Settlement Agreement accordingly.

### A. Bona Fide Dispute

To determine whether a bona fide dispute exists, the Court must look for a genuine dispute as to Defendant's liability under the FLSA.[4] "This is because the provisions of the FLSA are mandatory, and not subject to negotiation and bargaining between employers and employees."[5] The Court must ensure that the settlement does not allow the employer to negotiate around the mandatory requirements of the FLSA.[6] "[S]ome doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims."[7]

Under the FLSA, an employee must be paid time and one-half for any time worked in excess of forty hours per week.[8] In this case, Plaintiffs alleged that Defendant violated the FLSA by failing to pay overtime, and instead,

---

[2] *Id.*
[3] *Id.*; Domingue v. Sun Elec. & Instrumentation, Inc., No. 09-682, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010).
[4] *Domingue*, 2010 WL 1688793, at *1.
[5] *Id.* (quoting Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 718 (E.D. La. 2008) (internal quotations and alterations omitted)).
[6] *Collins*, 568 F. Supp. 2d at 719.
[7] *Id.* at 719–20.
[8] 29 U.S.C. § 207(2)(C)

paying them a per diem rate regardless of the hours worked. Throughout this litigation, Defendant denied Plaintiffs' allegations and asserted various defenses that may have defeated the claims in whole or in part. Defendant also opposed class certification, arguing that Plaintiffs were not similarly situated and that their claims should be tried independently.[9] The parties further disputed the availability of liquidated damages.[10] Accordingly, the Court finds there to be a genuine dispute such that the Settlement Agreement is not an attempt by Defendant to skirt the mandatory requirements of the FLSA.

### B. Fair and Reasonable

Although there are marked differences between a collective action under FLSA and a Rule 23 class action,[11] courts have found that the factors used in determining the fairness of a settlement under Rule 23 should be applied by analogy in considering the fairness of a settlement of a FLSA collective action.[12] These factors are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.[13] The Court will look at each factor individually.

*1. The existence of fraud or collusion behind the settlement*

---

[9] Defendant stipulated to conditional certification while expressly denying that the putative class members were "similarly situated" and reserving the right to move for decertification of the class. Doc. 46.
[10] Doc. 37.
[11] *See* Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 916–19 (5th Cir. 2008).
[12] *See e.g., Collins*, 568 F. Supp. 2d at 721; Liger v. New Orleans Hornets NBA Ltd. P'ship, No. 05-1969, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009); Altier v. Worley Catastrophe Response, LLC, No. 11-241, 2012 WL 161824, at *13–14 (E.D. La. Jan. 18, 2012).
[13] *Collins*, 568 F. Supp. 2d at 722.

In the absence of evidence to the contrary, the court may presume that no fraud or collusion occurred between counsel.[14] Both parties have stated that the Settlement Agreement was reached after arms-length negotiations, and there is no evidence of fraud or collusion between counsel.[15] Thus, this factor indicates that the Settlement Agreement is fair.

2. *The complexity, expense and likely duration of the litigation*

This litigation began in March 2021 and both parties have engaged in extensive discovery. If the parties had not reached the Settlement Agreement, the parties would continue to challenge discovery issues and engage in substantive motion practice over the next several months. The litigation would continue and culminate in a five-day jury trial involving fifty-one plaintiffs. This factor also shows that the Settlement Agreement is fair.

3. *The stage of the proceedings and the amount of discovery completed*

When the parties settled, this case was only three months from trial.[16] Both parties litigated this case for over two years and produced extensive discovery, indicating that the Settlement Agreement in this case is fair and reasonable.[17]

4. *The probability of Plaintiffs' success on the merits*

Plaintiffs' counsel believed that the case would succeed. However, Defendant raised various defenses, including disputing the amount of overtime worked, asserting that the claims were barred by the statute of limitations, and arguing that the work at issue fell within exemptions, exclusions,

---

[14] *Collins*, 568 F. Supp. 2d at 725 (citing Camp v. Progressive Corp., CIV.A. 01-2680, 2004 WL 2149079, at *7 (E.D. La. Sept. 23, 2004)).

[15] Doc. 82 ("The Settlement was reached after arm's length negotiations."). *See Altier*, 2012 WL 161824, at *15 ("The court may presume that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations.").

[16] Trial was set for August 14, 2023. Doc. 76.

[17] Doc. 82.

exceptions or credits provided in the FLSA.[18] The parties reached this settlement because both sides realized the risks and costs inherent with protracted litigation.[19] The Court finds that at this juncture, it is not clear whether Plaintiffs would succeed. This factor also indicates that the Settlement Agreement is fair and reasonable.

5. *The Range of Possible Recovery*

Pursuant to the Settlement Agreement, Plaintiffs' agreed-to compensation amounts "provides each Plaintiff with a reasonable recovery of their unpaid overtime claims."[20] The settlement amounts were carefully negotiated based upon a *pro rata* allocation of the total settlement amount. Each plaintiff shall receive a share of the alleged back wages based upon the number of weeks they worked during the period in question. The Court finds that the agreed-upon amounts in the Settlement Agreement are within a range of possible recovery for Plaintiffs, further demonstrating that the Settlement Agreement is fair and reasonable.

6. *The Opinions of Class Counsel, Class Representatives, and Absent Class Members*

Counsel for both parties have, after extensive negotiations, approved of and recommended the Settlement Agreement to their clients. The Settlement Agreement was negotiated by attorneys who have been litigating this claim for over two years.[21] Unlike a Rule 23 class action, all Plaintiffs have affirmatively joined into this litigation and are represented by counsel. Accordingly, there are no absent class members whose rights must be considered. The Court finds

---

[18] Doc. 70.
[19] *See Collins,* 568 F. Supp. 2d at 726–27.
[20] Doc. 82 at 3.
[21] *Collins*, 568 F. Supp. 2d at 727 ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement.").

this final factor further shows that the settlement is fair and reasonable. All six factors indicate that the Settlement Agreement is fair and reasonable.

### C. Attorney's Fees

Further, the Court must consider the attorney's fees contemplated in the Settlement Agreement.[22] The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[23] The Settlement Agreement in this case awards Plaintiffs' counsel 40 percent of the total settlement value for attorney's fees and costs. Both parties have litigated this case for over two years and the Court is aware of the resources expended on this matter. The Court finds that this fee is reasonable in light of similar attorney's fees approved in analogous cases.[24]

### D. Service Award

The Court also finds that Jamie Hernandez's service award is reasonable, considering his efforts in bringing and prosecuting this matter. "Federal courts consistently approve incentive awards in class action lawsuits to compensate named plaintiffs for the services they provide and burdens they shoulder during litigation."[25]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Joint Motion for Settlement Approval (Doc. 82) is **GRANTED**.

---

[22] *Collins*, 568 F. Supp. 2d at 728.
[23] 29 U.S.C. § 216(b).
[24] Vela v. City of Houston, 276 F.3d 659, 681 (5th Cir. 2001) ("the customary contingency is likely to have been more like 35 to 40 percent."); Lackey v. SDT Waste and Debris Servs., LLC et al., No. 11-1087 (E.D. La. Sept. 26, 2014) (approving a 40% contingency fee in a FLSA action).
[25] Camp v. Progressive Corp., 2004 WL 2149079, at *8 (E.D. La. Sept. 23, 2004) (internal quotations and citations omitted).

New Orleans, Louisiana this 22nd day of May, 2023.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**